# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| KATIE LEE KEYES, #34379-057 | § | |
| | § | |
| v. | § | Civil Action No. 4:19-cv-580 |
| | § | (Judge Crone/Judge Nowak) |
| UNITED STATES OF AMERICA | § | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On June 10, 2021, the report of the Magistrate Judge (Dkt. #30) was entered containing proposed findings of fact and recommendations that Movant Katie Lee Keyes's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Dkt. #1) be denied, her claims be dismissed with prejudice, and a certificate of appealability be denied. Having received the report of the Magistrate Judge, having considered Movant's Objections (Dkt. #32) and the Government's Response (Dkt. #33), and having conducted a de novo review, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's report as the findings and conclusions of the Court.

## RELEVANT BACKGROUND

As set forth in the Magistrate Judge's report, on June 13, 2018, a Grand Jury returned a Second Superseding Indictment charging Movant with a violation of 21 U.S.C. § 846, Conspiracy to Possess with the Intent to Manufacture and Distribute Methamphetamine (Count One); a violation of 21 U.S.C. § 846, Conspiracy to Possess with the Intent to Distribute Heroin (Count Two); and a violation of 21 U.S.C. § 846, Conspiracy to Possess with the Intent to Distribute Cocaine (Count Three). *United States v. Perez*, No. 4:17-cr-00198-MAC-KPJ-7 (E.D. Tex.

June 13, 2017), ECF No. 111, Sealed.  Following entry of a guilty plea to Count Three, Movant was sentenced to 70-months imprisonment on January 18, 2019.  *Id.* ECF No. 326.  Movant did not file a direct appeal.  Movant filed this § 2255 Motion on August 1, 2019 (Dkt. #1).  Movant alleges ineffective assistance of counsel, specifically that Counsel failed to file a notice of appeal after being requested to do so (Dkt. #1 at p. 4).  The Magistrate Judge appointed Movant counsel (Dkt. #10), and on October 13, 2020, a *Tapp* hearing ("Hearing") was held (Dkt. #16).  Bradley Visosky appeared on behalf of the Government, and Joseph Mongaras appeared on behalf of Movant.  At Hearing, the Court heard testimony from two witnesses: Ms. Heather Fisher ("Counsel") and Movant (Dkt. #16).  On June 10, 2021, the Magistrate Judge recommended Movant's Motion be denied and her case dismissed with prejudice (Dkt. #30).  The Magistrate Judge concluded Movant failed to meet her burden of showing by a preponderance of the evidence that she directed Counsel to file an appeal.

## OBJECTION TO REPORT AND RECOMMENDATION

On June 23, 2021, Movant filed her Objections to the report of the Magistrate Judge (Dkt. #32).  On July 6, 2021, the Government filed a response to Movant's Objections (Dkt. #33).  A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a de novo review of those findings or recommendations to which the party specifically objects.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2)-(3).  Movant raises three primary objections to the Magistrate Judge's report: (1) Movant's testimony was credible, undisputed, and proved she did request an appeal; (2) Counsel had a duty to file an appeal and performed deficiently; and (3) the Court should look beyond the *Tapp* issue and examine the merits of Movant's claims for ineffective assistance of counsel in another hearing (Dkt. #32).  The Court addresses Movant's final Objection first.

*Objection – Hearing on the Merits of Movant's § 2255 Claims*

Movant admits her final argument is not an objection to the Magistrate Judge's findings related to the *Tapp* Hearing, but rather an appeal to the Court to look beyond the *Tapp* issue and expand the record on Movant's ineffective assistance of counsel claims (Dkt. #32 at p. 11). Movant does not cite any authority demonstrating she is entitled to an evidentiary hearing on any issue beyond *Tapp*. And the inquiry and evidentiary hearing required by *Tapp* is limited to the narrow question of whether a defendant requested that counsel file an appeal. *United States v. Rodriguez*, No. CIV. H-08-2991, 2011 WL 5358685, at *6 (S.D. Tex. Nov. 3, 2011) ("As evinced by *Tapp* and subsequent Fifth Circuit cases, a defendant's right to an evidentiary hearing and, ultimately, an out-of-time appeal, is premised on [her] sworn pleading that he expressly instructed trial counsel to pursue an appeal or file a notice of appeal."). Unless Movant prevails on the *Tapp* issue, the Court need not reach the merits of Movant's other ineffective assistance claims as to an appeal. *See United States v. Johnson*, 792 F. App'x 339, 340 (5th Cir. 2020) (citing *United States v. Bejarano*, 751 F.3d 280, 286 (5th Cir. 2014)) ("[Movant] erroneously relies on the presumed prejudice afforded when a defendant requests that counsel file an appeal and counsel fails to do so, but she does not challenge the district court's finding that she never requested that her attorney file an appeal. She has therefore failed to make a showing of prejudice."); *United States v. Aiyewa*, No. 4:14-CR-230-1, 2018 WL 1961007, at *4 (S.D. Tex. Apr. 26, 2018) ("Because the evidentiary hearing will result in either a finding that [movant] is entitled to an out of time appeal, or a finding that counsel was not ineffective," movant's other claims regarding ineffective assistance as to an appeal "do not merit relief" because: "(a) if counsel was not ineffective for failing to file a notice of appeal, then it necessarily follows that [she] was not ineffective for failing to raise claims on appeal; and, conversely (b) if counsel was ineffective, then [movant] will have an opportunity to

3

raise [her] claims in an out of time appeal, obviating any prejudice from counsel's ineffectiveness."). "[T]he question in *Tapp* is whether a defendant asked [her] attorney to file a notice of appeal and counsel failed to honor that request. . . and the case law goes no[] further." *Jackson v. United States*, No. 6:12CR00059-011, 2015 WL 10793743, at *1 (E.D. Tex. Aug. 19, 2015). The answer here is Movant did not. Movant's Objection is overruled.

### *Objection – Movant Failed to Demonstrate She Requested an Appeal*

Movant argues the Magistrate Judge's report erred in finding Movant did not ask Counsel to file an appeal after Movant's sentencing hearing (Dkt. #32 at pp. 3-4). Movant argues that her testimony is credible, undisputed, and proves she requested an appeal. Movant further urges the only "conflicting testimony" was provided by Counsel who claimed to "not remember a conversation after sentencing but [who also] did not refute that one occurred" (Dkt. #32 at p. 4). The Government rejoins that Counsel "emphatically denied, multiple times" that Movant had directed Counsel to file a Notice of Appeal during their conversation after the sentencing hearing (Dkt. #33 at pp. 2-4). Review of testimony at the *Tapp* Hearing reveals Counsel did not provide inconsistent testimony as Movant advocates. Indeed, Movant quotes mere fragments of Counsel's testimony that, when reviewed in totality and taken in context, does not demonstrate any conflict in her testimony:

> Q. Okay. And so do you recall talking to Ms. Keyes verbally after sentencing?
>
> A. I'm sure that I talked with her. I'm sure – I'm sure that we probably walked out of the courthouse together. As to what was said, I can't tell you. The only thing that I can tell you is that she never requested me to file an appeal on her behalf.
>
> Q. Okay. Well, I guess, and -- and -- if -- and I guess what you're saying is, if she -- if, during that conversation, she would have said, "File an appeal," you would have filed an appeal?
>
> A. Absolutely. It's much easier for me. It takes me -- I bill in an hour to file an informa pauperis notice of appeal as well as a motion to withdraw. It takes me about

> -- I bill .2 for communicating with AUSA to make sure that they have no objections to me filing a motion to withdraw. That is much easier for me to do. I don't handle appeals. I would much rather have done that had she asked me for that. I do not hesitate once my clients ask. It is immediately done, rather than myself -- finding myself in this situation where I'm not getting paid to drive here and to testify and to waste everyone's time. So had Ms. Keyes asked, I would not have hesitated one single bit. It would have been done immediately that day. It makes my life much easier.
>
> Q. And so you recall the conversation but don't recall her saying anything about appeal, or you don't recall the conversation at all? That's what I'm trying to, I guess, get to the bottom of it.
>
> A. What was specifically said I cannot recall.
>
> Q. Okay.
>
> A. But I do know that she did not ask for an appeal, because I would have done it that day.

(Dkt. #17 at pp. 14-15). Counsel's statements directly refute Movant's Objection.[1] The Magistrate Judge found that Counsel's testimony was credible. The purpose of the *Tapp* hearing is "to determine the credibility of the contrasting claims between a movant and [her] counsel" as to whether movant instructed counsel to file an appeal. *Morales-Alcaraz v. United States*, No. 4:14CR147(4), 2020 WL 5766739, at *1 (E.D. Tex. Sept. 28, 2020), *appeal dismissed*, No. 20-40667, 2021 WL 4721854 (5th Cir. Apr. 30, 2021). Here, the Magistrate Judge considered such contrasting claims and made an appropriate credibility finding.

In this same vein, Movant further argues the Magistrate Judge erred by rejecting Movant's testimony while finding credible the "bare allegations of a witness [Counsel] without proof of notation in her file" (Dkt. #32 at p. 5). In essence, Movant urges the Court could not find Counsel

---

[1] Movant's objections also refer to "conversations" - plural - implying Movant raised the issue of filing an appeal on more than one occasion. But Movant's own testimony contradicts this allegation, and upon cross-examination by the Government, Movant confirmed that the alleged failure to file an appeal claim in her § 2255 Motion stems from the single conversation between Counsel and Movant after the sentencing hearing in the parking lot at the Plano federal courthouse (Dkt. #17 at pp. 30-31).

credible, as her testimony was uncorroborated. To this point, the Government responds that the record supports a finding that Counsel was the more credible witness, pointing to Counsel's experience practicing criminal defense for over 15 years, including representing movants at *Tapp* hearings, and to Movant's "lie[s] multiple times under oath" (Dkt. #33 at pp. 2-4). The report of the Magistrate Judge summarizes Counsel's testimony regarding her customary procedures following sentencing; review of such testimony shows Counsel explained that her records show no notation of a request for appeal, which is indicative that no request was made. Counsel elaborated that she makes a notation in her billing records when she files a Notice of Appeal – an hour for filing the Notice and a motion for the movant to proceed in forma pauperis, and .2 hours for communicating with the AUSA to determine if the filing is opposed. The Magistrate Judge found Counsel's testimony credible as to her practices. *See Prieto v. United States*, No. 4:10CR169(1), 2017 WL 1148454, at *5 (E.D. Tex. Mar. 28, 2017) (accepting the magistrate judge's credibility determination where "each of the Government's witnesses not only testified to their usual and ordinary course of interacting with [] clients, but recalled specific details and events concerning [movant's] case"); *McNeill v. United States*, No. A-11-CA-495 SS, 2012 WL 369471, at *3 (W.D. Tex. Feb. 2, 2012) (citing *United States v. Hughes*, 635 F.2d 449, 451 (5th Cir. 1981)) ("As a result of the factual disputes raised by the affidavits, the undersigned conducted an evidentiary hearing to evaluate the credibility of both [movant] and [counsel]."); *United States v. Giacomel*, 153 F .3d 257, 258 (5th Cir. 1998) (the magistrate judge may make credibility findings based on evidence presented at an evidentiary hearing in a § 2255 case). Moreover, at the Hearing, the Court provided Movant an opportunity to reconcile the inherent tension between her *Tapp* claim (Movant did request that Counsel file a notice appeal) and her failure to consult claim (Counsel had a duty to consult because Movant did not specifically ask to appeal). The record

reflects it is Movant's testimony that is inconsistent. *See Lynn v. United States*, No. 3:14-CR-002, 2018 WL 3631887, at *3 (E.D. Tenn. July 31, 2018) (finding movant's claims "irreconcilable" where she raises a failure-to-consult claim on objection as a new ineffective assistance of counsel claim, noting it is "not an objection" but an "attempt to raise an entirely new ground for relief"). Further, it is Movant's burden in a *Tapp* hearing to "demonstrate by a preponderance of the evidence that [she] requested an appeal." *See United States v. Tapp*, 491 F.3d 263, 266 (5th Cir. 2007). The burden is not on Counsel to prove a negative; Movant most show by a preponderance that she asked Counsel to file an appeal. The Government introduced letters and text messages between Movant and Counsel at Hearing as evidence of correspondence between the two; Movant not once raises the issue of appeal. This correspondence includes communications between Counsel and Movant after her sentencing. Notably, Movant made other requests of Counsel, including asking her to provide a transcript of the sentencing hearing and a copy of Counsel's discovery file. *See George v. United States*, No. 1:11-CV-120, 2014 WL 1116902, at *2 (E.D. Tex. Mar. 18, 2014) (magistrate judge did not err in finding the movant had not established by a preponderance of evidence that he requested counsel to file an appeal where "there is no correspondence from movant to [counsel] that ever[] explicitly mentions a request to file a notice of appeal or an inquiry into the status of an appeal."). The record contradicts Movant's Objection that the text messages in the record show Counsel "either deliberately ignored Movant's attempts to talk to her, [or] chose not to call her back." Movant's Objection is overruled.

### *Objection – Movant Failed to Raise the Duty for Counsel to Consult*

Movant argues Counsel had a duty to consult considering the totality of circumstances because, even if Movant "did not directly ask Counsel to file a notice of appeal, Counsel had a duty to make a sufficient effort to ascertain 'what Movant wanted with respect to appealing' based

on the facts before Counsel" (Dkt. #32 at p. 6) (quoting *Cuddington v. United States*, No. 616CR0028CBL01, 2019 WL 1369046, at *16-17 (N.D. Tex. Feb. 14, 2019)). Movant further avers the Magistrate Judge erred by stating this was a new issue raised at Hearing because "consulting with a client regarding an appeal after sentencing is not a new issue, it is the standard" (Dkt. #32 at p. 2). The Government responds that Movant misrepresents the scope of the claim in Ground One in her § 2255 Motion, which was limited to whether Counsel failed to file an appeal after Movant advised Counsel to do so (Dkt. #33 at pp. 5-6).

Assuming arguendo that Movant did properly raise such argument, Movant largely argues Counsel had a duty to consult about the desire to appeal because Movant was dissatisfied with her sentence (Dkt. #32 at p. 10). Counsel has a "constitutionally imposed duty to consult" with a defendant about an appeal "when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Roe v. Flores-Ortega*, 528 U.S. 470, 480 (2000). As to the first prong – a movant's rational desire to appeal – relevant factors include whether Movant entered into a plea agreement and received the sentence she bargained for:

> Although not determinative, a highly relevant factor in this inquiry will be whether the conviction follows a trial or a guilty plea, both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings. Even in cases when the defendant pleads guilty, the court must consider such factors as whether the defendant received the sentence bargained for as part of the plea and whether the plea expressly reserved or waived some or all appeal rights.

*Id.* at 479-80 (failing to consult would be reasonable if counsel concludes there are no nonfrivolous grounds for appeal in a situation where "counsel advises the defendant that a guilty plea probably will lead to a 2 year sentence; the defendant expresses satisfaction and pleads guilty; the court

8

sentences the defendant to 2 years' imprisonment as expected and informs the defendant of his appeal rights"). As to the second prong – a movant's reasonable demonstration of the desire to appeal - "the Fifth Circuit has concluded that a defendant being shocked or angered at a sentence does not reasonably demonstrate interest in filing an appeal." *Escalante v. United States*, No. B:14-481-1, 2016 WL 5947375, at *10 (S.D. Tex. Sept. 9, 2016) (citing *United States v. Pham*, 722 F.3d 320, 325 (5th Cir. 2013)), *report and recommendation adopted*, No. CV B-15-099, 2016 WL 5947298 (S.D. Tex. Oct. 13, 2016). In order for a movant to "reasonably demonstrate" she wanted to appeal, she must show she gave "some specific indication" to counsel that she wanted to appeal. *See id.* ("the fact that [movant's] sentence was not on the low end of [the] range does not demonstrate an interest in filing an appeal").

Here, as to the first prong, the Magistrate Judge found credible Counsel's testimony that she discussed the possibility of a 70-month sentence with Movant, specifically that 70 months was within the guideline range, and that Movant at no point objected to the sentence when signing the plea agreement or at sentencing (Dkt. #30 at pp. 12-13). Counsel testified she discussed the advantages and disadvantages of her plea agreement, including the waiver of appeal (Dkt. #30 at p. 14). The sentencing court also advised Movant of her rights at the sentencing hearing (Dkt. #17 at pp. 35-36). Review of the plea hearing and sentencing hearing transcripts shows Movant in open court stated that she discussed the plea agreement, the Factual Basis, and the PSR with Counsel (Dkt. #30 at pp. 7-9, 18). Movant received the sentence she bargained for, and in fact, because she received a safety-valve reduction as recommended in her PSR, she received a sentence below the statutory minimum sentence of 10 years (Dkt. #33 at p. 8). *See United States v. Rivas*, 450 F. App'x 420, 425 (5th Cir. 2011) (citing *Flores-Ortega*, 528 U.S. at 479) ("if counsel advises the defendant that a guilty plea will result in a certain sentence, the defendant agrees to the plea

based on counsel's advice, the court imposes the expected sentence in line with counsel's advice, the defendant expresses no interest in appealing, and counsel indicates that there are no nonfrivolous grounds to appeal, it is unlikely counsel's actions would be unreasonable if [she] failed to explicitly 'consult' with the defendant regarding an appeal.").

As to the second prong, the Magistrate Judge found Movant did not demonstrate she wanted to appeal, finding that Movant had communicated with Counsel several times post-sentencing but did not ever raise the issue of appeal (Dkt. #30 at pp. 14-16). Certainly, Counsel understood Movant was not pleased to have received any sentence (Dkt. #17 at pp. 8-9), but that alone is not enough to demonstrate a reasonable interest in filing an appeal. *See Escalante*, 2016 WL 5947375, at *10; *Morales-Alcaraz v. United States*, No. 4:14CR147(4), 2020 WL 5766739, at *1 (E.D. Tex. Sept. 28, 2020) (magistrate judge did not err in finding no ineffective assistance where the *Tapp* hearing showed "Counsel knew that Movant was not happy with him or the 168-month sentence imposed. However, Counsel testified that he advised Movant of his appellate rights and that at no time prior to, or after, sentencing did Movant ask him to file an appeal."), *appeal dismissed*, No. 20-40667, 2021 WL 4721854 (5th Cir. Apr. 30, 2021). The Court has considered Movant's objection and finds it unsupported by the record. Movant's Objection is overruled.

## CONCLUSION

Having considered Movant's Objection (Dkt. #32) and the Government's Response (Dkt. #33), the Court adopts the Magistrate Judge's Report and Recommendation (Dkt. #30) as the findings and conclusions of the Court.

It is therefore **ORDERED** that Movant Kate Lee Keyes's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Dkt. #1) is **DENIED**. Movant's claims are **DISMISSED WITH PREJUDICE**.

It is further **ORDERED** that Movant's request for Certificate of Appealability is **DENIED**.

**IT IS SO ORDERED**.

SIGNED at Beaumont, Texas, this 10th day of November, 2021.

*Marcia A. Crone*
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE